```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOHNNY SHORTER,

                    Plaintiff,

        -against-

NASSAU COUNTY; SHERIFF JAMES E.
DZURENDA, DESIREE JAZINSKI,
NCCC Cook; SCOTT GRAFT, NCCC Cook;
JOHN DOE #1, (NCCC Cook, Last Name
REID); JOHN DOE #2 (NCCC Cook, Last
Name DEBONO),

                    Defendants.
-----------------------------------------------------------X
```

**Memorandum and Order**

No. 21-cv-6887 (KAM) (LGD)

**MATSUMOTO, United States District Judge**:

On December 13, 2021, *pro se* Plaintiff Johnny Shorter ("Plaintiff"), then incarcerated at the Nassau County Correctional Center ("NCCC"), initiated this action pursuant to 42 U.S.C § 1983. (ECF No. 1.) On January 18, 2022, Plaintiff filed an Amended Complaint. (ECF No. 7.) By Memorandum and Order dated February 14, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the Amended Complaint, and granted Plaintiff leave to file a Second Amended Complaint. (ECF No. 9.) On March 21, 2022, Plaintiff filed a Second Amended Complaint against Nassau County, James E. Dzurenda in his capacity as Nassau County Sheriff, and four NCCC Cooks, seeking $3,300,300.33 in damages. (ECF No. 10, Second Amended Complaint ("SAC") at 1-3, 5.) For the reasons below, the Court dismisses

1

without prejudice certain of Plaintiff's claims for failure to state a claim and declines to exercise supplemental jurisdiction over the remaining state law claim.

## BACKGROUND

The Court assumes as true for purposes of this decision the following allegations in the Second Amended Complaint. (*See* SAC.) Plaintiff alleges that on January 16, 2022, he was injured when a cell gate closed on the right side of his body, injuring his lower back and bruising his knee. (SAC at 4.) Plaintiff "asked for medical attention" but was denied. (*Id.*) He further alleges that on February 22, 2022, he was given food with maggots and contends that the "kitchen cooks intentionally violate[d] [his] food." (*Id.*) Plaintiff further alleges on March 4, 2022, he was hospitalized after "the kitchen NCCC cooks intentionally put[] soy" in his chicken and rice, and he had an allergic reaction "and almost died." (*Id.*) Plaintiff appears to allege that during his allergic reaction, he called for medical attention and was denied, but that he eventually received an "EPI Pen and Benadryl" from the "medical staff EMS service[.]" (*Id.*) Plaintiff's SAC attaches a copy of his grievance dated February 22, 2022 regarding his allegations of maggots in his food, which was found to be unsubstantiated on March 2, 2022. (SAC at 10.)

## **LEGAL STANDARD**

In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation and quotation omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, when an incarcerated person files a civil suit seeking redress from a governmental entity or its officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the district court shall dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*

3

*v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims against Nassau County, Nassau County Sheriff James E. Dzurenda, and four NCCC Cooks. (SAC at 1-3.) As noted, the claims concern an alleged injury on January 16, 2022, when a cell gate closed on Plaintiff and he was allegedly denied medical attention for his lower back and right knee; an alleged injury on February 22, 2022, when he was given food with maggots and contends that the "kitchen cooks intentionally violate[d] [his] food"; and an alleged injury on March 4, 2022, when Plaintiff alleges the NCCC cooks intentionally put soy in this food, causing an allergic reaction, and for which he alleges he received delayed medical attention. (*Id.* at 4.)

The Prison Litigation Reform Act "instructs that '[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983]...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). Although "[f]ailure to exhaust administrative remedies is an

4

affirmative defense under the PLRA, not a pleading requirement," meaning "inmates are not required to specially plead or demonstrate exhaustion in their complaints," "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Id.* (citing and quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)); *see Moore v. Booth*, 122 F.4th 61, 68 (2d Cir. 2024) ("Because a lack of exhaustion acts as a threshold bar to the plaintiff's claims, we have said that a district court 'may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement.'" (quoting *Williams*, 829 F.3d at 122)).

Here, Plaintiff's Second Amended Complaint does not show that he satisfied the PLRA exhaustion requirement for his January 16, 2022 allegations of the door closing on his back and knee and subsequent injuries, nor for his March 4, 2022 allegations regarding the soy in his food and the subsequent alleged delay in medical care. Plaintiff points to no grievance form regarding either the January 16, 2022 incident or the March 4, 2022 incident, or any other indication that he fully exhausted his administrative remedies.

Plaintiff's Second Amended Complaint attaches a copy of a grievance dated February 22, 2022, but that grievance appears to

5

relate only to the allegations of maggots in his food. (SAC at 10.) The grievance coordinator noted the grievance was unsubstantiated on March 2, 2022, and it is unclear to the Court whether Plaintiff availed himself of the option to make "a complaint against staff" by calling "the Internal Affairs unit" regarding the maggots in the food, as noted in the decision of the grievance coordinator. (*Id.*)

For completeness, and due to Plaintiff's pro se status, the Court nonetheless evaluates the sufficiency of Plaintiff's allegations on the merits. *See McCollum v. City of New York*, No. 16-cv-5272 (LDH), 2020 WL 6945928, at *4 (E.D.N.Y. Nov. 25, 2020) (where plaintiff alleged his claims were non-grievable, suggesting he "did not avail himself of administrative remedies under the mistaken belief that he could not," court declined "to dismiss Plaintiff's claim for failure to exhaust, and, instead, evaluat[ed] the sufficiency of his allegations on the merits" "in light of Plaintiff's pro se status").

A. Nassau County

Plaintiff brings this action under 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). Plaintiff sues Nassau County, a municipality. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or

6

custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (noting municipality can be liable under § 1983 if a governmental custom, policy, or usage of the municipality deprives a plaintiff of rights under federal law).

"[A] plaintiff must allege 'sufficient factual detail' and not mere 'boilerplate allegations' that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy." *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 377 (E.D.N.Y. 2021) (citation and internal quotations omitted). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80 (citing *Monell*, 436 U.S. at 691). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Here, Plaintiff does not allege any unconstitutional custom, policy, or usage attributable to Nassau County to confer municipal liability. *See Monell*, 436 U.S. at 690-91; *Jones*, 691 F.3d at 80. Although Plaintiff alleges certain injuries, the Complaint, even

7

construed liberally, does not sufficiently allege any "violation of the plaintiff's constitutional rights result[ing] from the municipality's custom or official policy." *Jackson*, 552 F. Supp. 3d at 377. Therefore, Plaintiff's Second Amended Complaint against Nassau County is dismissed without prejudice pursuant to §§ 1915A(b) and 1915(e)(2)(B)(ii).

B. <u>Sheriff James Dzurenda</u>

As a prerequisite to a § 1983 damages award against an individual acting under color of state law, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013); *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010). Plaintiff alleges that he was injured and denied medical attention on January 16, 2022; that he received food with maggots in it on February 22, 2022; and that he was hospitalized on March 4, 2022, due to an allergic reaction from "the kitchen NCCC cooks intentionally putting soy" in his food. (SAC at 4.) However, Plaintiff does not allege that Sheriff Dzurenda had any direct or personal involvement in any of these incidents. (*See generally* SAC.) To the extent Plaintiff names Sheriff Dzurenda solely in his supervisory capacity, he cannot do so. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (holding that an "individual cannot be held liable for damages under § 1983 'merely because he held a

8

high position of authority[.]'" (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Therefore, Plaintiff's Second Amended Complaint against Sheriff Dzurenda is dismissed without prejudice pursuant to §§ 1915A(b) and 1915(e)(2)(B)(ii).

C. <u>NCCC Cooks</u>

The only remaining defendants are four NCCC cooks: Desiree Jazinski, Scott Graft, "NCCC Cook" Reid (first name unknown), and "NCCC Cook" Debono (first name unknown). (SAC at 1-3.)[1] Plaintiff appears to allege a state law claim of intentional infliction of

---

[1] Although Plaintiff does not name him as a defendant, Plaintiff's allegations note that "OFFICER WILE ignored [Plaintiff's] calls to him for medical attention" when Plaintiff "was choking on [his] throw up and was unresponsive for 45 minutes until the medical staff EMS service rescued [him], the [sic] injectioned [sic] [him] with the EPI pen and Benadryl." (SAC at 4.) Even reading Plaintiff's complaint liberally, the allegations as pleaded do not establish a claim against Office Wile. To establish a "claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Collymore v. Krystal Myers, RN*, 74 F.4th 22, 30 (2d Cir. 2023) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (noting that for deliberate-indifference claims against a prison supervisor, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it"). Plaintiff does not allege that Officer Wile had subjective knowledge of a substantial risk of serious harm to Plaintiff and disregarded it, and "[a]bsent allegations that Defendant[] [was] aware Plaintiff was suffering from [serious medical needs] and yet chose to do nothing, Plaintiff cannot establish [] subjective culpability." *Hamlett v. Everly*, No. 21-cv-6663 (NSR), 2024 WL 1892265, at *7 (S.D.N.Y. Apr. 30, 2024) (dismissing medical indifference claim where, *inter alia*, plaintiff did not allege defendants knew plaintiff sustained serious concussion, did not specify what defendants believed injuries were, and did not specify what defendants said to plaintiff to indicate awareness of serious injuries, notwithstanding that plaintiff contended defendants should have known of his serious concussion because he was unconscious, and noting that "[a]lthough awareness may be proven 'from the very fact that the risk was obvious,' it cannot be said such a risk was obvious based only on Plaintiff being unconscious, dizzy, and suffering headaches, but nothing more" (internal citation and quotations omitted)).

emotional distress ("IIED"), alleging that "the kitchen cooks intentionally violate[d]" Plaintiff's food by putting maggots in his food and soy in his chicken and rice, to which he had an allergic reaction. (*Id.* at 4 (noting "[m]ental anguish and Intentional Deflection [sic] of Emotional Distress").) However, because the Court dismisses Plaintiff's § 1983 claims, the Court declines to exercise supplemental jurisdiction over the remaining state law IIED claim against the NCCC Cooks. *See WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 52 (2d Cir. 2009) ("[G]iven the eventual dismissal of all of plaintiffs' federal claims, we find that the district court acted well within its discretion in declining to assert supplemental jurisdiction over plaintiffs' state-law claim.").

## CONCLUSION

Accordingly, the Second Amended Complaint is dismissed without prejudice as to Nassau County and Sheriff Dzurenda for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The Court further declines to exercise supplemental jurisdiction over Plaintiff's state law IIED claim against the individual cooks, which claim is dismissed without prejudice to his right to re-file in state court.

Plaintiff is granted leave to file a third amended complaint within thirty days alleging additional facts and otherwise addressing the identified deficiencies. If Plaintiff does not file

10

a third amended complaint within thirty days or show good cause why he cannot, the court shall direct the Clerk of Court to enter judgment dismissing and closing this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to update the docket to reflect the caption of the Second Amended Complaint, mail a copy of this Memorandum and Order to the Plaintiff, and to note the mailing on the docket by January 13, 2025.

**So ordered.**

Dated:   January 10, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York