```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHNNY SHORTER,

                    Plaintiff,         MEMORANDUM & ORDER

     -against-                          21-cv-6887 (KAM)(LGD)

NASSAU COUNTY; NASSAU COUNTY
CORECTIONAL CENTER COOK DESIREE
JAZINSKI; NCCC COOK SCOTT GRAFT;
NCCC COOK REID; NCCC COOK DEBONO;
CORRECTIONAL OFFICER WILE in his
official capacity and individual
capacity,

                    Defendants.
----------------------------------X
```

**Kiyo A. Matsumoto, United States District Judge**:

On December 13, 2021, *pro se* Plaintiff Johnny Shorter ("Plaintiff"), then incarcerated at the Nassau County Correctional Center ("NCCC"), initiated this action pursuant to 42 U.S.C § 1983. (ECF No. 1.) On January 18, 2022, Plaintiff filed an amended complaint. (ECF No. 7, the "Amended Complaint".) By Memorandum and Order dated February 14, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the Amended Complaint, and granted Plaintiff leave to file a second amended complaint. (ECF No. 9.)

On March 21, 2022, Plaintiff filed a Second Amended Complaint against Nassau County, James E. Dzurenda in his capacity as Nassau County Sheriff, and four NCCC cooks (collectively, the "NCCC Cooks"), seeking $3,300,300.33 in damages. (ECF No. 10, Second

1

Amended Complaint ("SAC") at 1-3, 5.[1])  By Order dated January 10, 2025, the Court dismissed the SAC against Nassau County, Sheriff Dzurenda and the NCCC Cooks, with leave to file a third amended complaint.  (ECF No. 14.)  On February 18, 2025, Plaintiff filed the Third Amended Complaint against Nassau County, four NCCC Cooks, and NCCC Correctional Officer Wile, seeking $3,300,300.33 in damages. (ECF No. 16, Third Amended Complaint ("TAC").)

As set forth below, the Court again dismisses the action against Nassau County and the four NCCC Cooks.  Claims in the Third Amended Complaint against Correctional Officer Wile, however, shall proceed.

## BACKGROUND

For purposes of this decision, the Court assumes the following allegations in the Third Amended Complaint to be true.  (*See* TAC.) Plaintiff alleges that on March 4, 2022, he suffered "severe trauma" from eating a chicken and rice dish prepared by NCCC cooks that "had [his] allergens in it" and caused him to suffer a severe allergic reaction.  (*Id.* at 4.)

Plaintiff further alleges that he called "for a food cart worker to tell Officer Wile" of his "medical emergency."  (*Id.* at 4.)  He alleges that "Officer Wile['s] omission to alert medical staff 45 minutes later amounted to deliberate indifference to my serious medical[] [needs]."  (*Id.*)  Eventually, Plaintiff was

---

[1] Page numbers of record citations referenced in this Memorandum and Order refer to the page numbers assigned by the CM/ECF system.

2

escorted "to the NUMC Emergency Room...[and] given an EPI Pen and Benadryl[.]" (*Id.*) Medical staff informed Plaintiff that "[i]n 15 more minutes you would have been dead." (*Id.* at 5.) Plaintiff alleges the NCCC Cooks "received an allergy list from Medical Staff at NCCC" and that Officer Wile told his coworkers that "[Plaintiff] deserve[s] it for writing all those grievances." (*Id.*)

## LEGAL STANDARD

In reviewing a *pro se* complaint, a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation and quotation omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, when an incarcerated person files a civil suit seeking redress from a governmental entity or its officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the district court shall dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Section 1915 governs proceedings *in forma pauperis*, while § 1915A applies to all civil

3

complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid a filing fee." *Abbas*, 480 F.3d at 639 (quoting *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Together, "[t]hose two statues provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Id.*

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## **DISCUSSION**

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Nassau County, four NCCC Cooks, and Correctional Officer Wile. (TAC at 2-3.) The Court finds Plaintiff's § 1983 claims against Nassau County and the four NCCC Cooks to be deficient and will address each in turn.

I.  **Defendant Nassau County**

Plaintiff brings this action under 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). As in Plaintiff's Second Amended Complaint, Plaintiff's Third Amended Complaint again names Nassau County, a municipality, as a defendant. A municipality can be liable under § 1983 if a plaintiff shows that a municipal policy or custom caused the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (noting municipality can be liable under § 1983 if a governmental custom, policy, or usage of the municipality deprives a plaintiff of rights under federal law). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80 (citing *Monnell*, 436 U.S. at 691).

"[A] plaintiff must allege 'sufficient factual detail' and not mere 'boilerplate allegations' that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy." *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 377 (E.D.N.Y. 2021) (citation and internal quotations omitted). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality under

5

*Monell* unless the proof demonstrates the incident was caused by an existing, unconstitutional municipal policy attributable to a municipal policymaker. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

In its Memorandum and Order dated January 10, 2025, this Court previously dismissed Plaintiff's claims against Nassau County in the Second Amended Complaint without prejudice, and granted Plaintiff leave to amend. (ECF No. 14.) Plaintiff's operative Third Amended Complaint, however, does not assert any additional allegations to plead an unconstitutional custom, policy, or usage attributable to Nassau County to confer municipal liability. *See Monell*, 436 U.S. at 690-91; *Jones*, 691 F.3d at 80. Therefore, Plaintiff's Third Amended Complaint against Nassau County is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

## II. Defendants NCCC Cooks

As in the Second Amended Complaint, Plaintiff sues four NCCC cooks: Desiree Jazinski, Scott Graft, "NCCC Cook" Reid (first name unknown), and "NCCC Cook" Debono (first name unknown) (collectively, the "NCCC Cooks"). (TAC at 2-3.) In the Third Amended Complaint, Plaintiff appears to allege that the NCCC Cooks violated his constitutional rights by giving him food to which he was allergic, noting that it "was not part of [his] sentence to suffer cruel and unusual punishment at the liability of . . . the NCCC Cooks during imprisonment." (*Id.* at 5.) Specifically, Plaintiff alleges that the NCCC Cooks "sent [him] a food tray that

6

had chicken and rice, and a white substance clumped together over small pieces of chopped shrimp," implying that something in this meal contained his unspecified "allergens." (*Id.* at 4.)

Construing Plaintiff's claims against the NCCC Cooks as a claim under 18 U.S.C. § 1983, the Court finds that Plaintiff's allegations against the NCCC Cooks do not rise to the level of a constitutional violation. As an initial matter, "'to establish a defendant's individual liability in a suit brought under § 1983,' Plaintiff must show that a prison official had 'personal involvement in the alleged constitutional deprivation.'" *Dalcime v. Nassau Cnty. Sheriff's Dep't*, No. 24-cv-07254 (OEM)(SIL), 2025 WL 510042, at *2 (E.D.N.Y. Feb. 16, 2025) (quoting *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see Singh v. Petro et al.*, No. 21-cv-813 (LJV) (JJM), 2025 WL 885594, at *4 (W.D.N.Y. Mar. 21, 2025) (noting that personal involvement requires plaintiff to "'directly plead and prove that "each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution."'" quoting *Tangreti v. Bachmann*, 983 F.3d 609, 612 (2d Cir. 2020)). "Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (citing *Wright v. Orleans Cnty.*, No. 14-cv-0622A(LGF), 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a § 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) [of the FRCP] which

7

requires a short and plain statement of the claim showing that the pleader is entitled to relief." (citation and quotation marks omitted)).

Here, Plaintiff does not differentiate between the actions of the NCCC Cooks, and therefore fails to allege any of the individual cooks' "personal involvement." *Dalcime*, 2025 WL 510042, at *1 (dismissing § 1983 claim in part for failure to allege personal involvement where plaintiff, incarcerated at Nassau County Correctional Center, "received a food tray prepared by the food service director, an unnamed defendant, or his subordinates for his lunch meal" that contained a rock in the food); *see Quick v. Westchester County*, No. 18-cv-243 (KMK), 2019 WL 1083784, at *4 (S.D.N.Y. Mar. 7, 2019) (personal involvement not established where plaintiff "fail[ed] to name or identify" defendant in body of Amended Complaint "or otherwise connect him to the allegations raised therein," even though defendant's "name and title . . . appear in the caption of the Amended Complaint"). Plaintiff does not allege which of the NCCC Cooks prepared his food, or even which of the NCCC Cooks prepared the food knowing about his "allergens" that caused the constitutional violation. Plaintiff's use of group pleading thus fails to allege the personal involvement of any of the four NCCC Cooks. *See Leneau v. Ponte*, No. 16-cv-776 (GHW), 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018) ("[C]omplaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are

8

insufficient to state a claim." (citations and quotation marks omitted)).

Further, Plaintiff does not allege that the NCCC Cooks intentionally gave him his "allergens," or that, despite having "received the allergy list from Medical Staff at NCCC," that the NCCC Cooks knew that some element of the "chicken and rice, and [the] white substance clumped together over small pieces of chopped shrimp" included Plaintiff's allergen. (TAC at 4.) Rather, even read liberally, Plaintiff appears to allege only that the NCCC Cooks were negligent in preparing his food by "sen[ding him] a food tray that had" his allergens in it. (*Id.* at 4.)

Allegations of negligence by prison officials, however, do not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment); *Sowers v. Nassau Cnty. Corr. Ctr.*, No. 24-cv-6540 (AMD)(ST), 2025 WL 35964, at *2 (E.D.N.Y. Jan. 6, 2025) ("[P]laintiff's claim that there was metal in his food sounds in negligence, which does not form the basis for a constitutional violation under either the Eighth Amendment or the Fourteenth Amendment."). Plaintiff's Third Amended

9

Complaint does not allege intentional conduct on the part of the NCCC Cooks, and thus fails to allege a constitutional violation attributable to the four NCCC Cooks. Accordingly, the four NCCC Cooks are dismissed from this action pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(ii).

## **CONCLUSION**

For the reasons stated above, this action is dismissed as to Nassau County and the four NCCC Cooks for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). No summons shall issue as to these defendants and the Clerk of Court shall terminate these defendants from the action. At this juncture, the action shall proceed only as to NCCC Correctional Officer Wile. The Clerk of Court shall issue a Summons as to Correctional Officer Wile and the assigned Magistrate Judge is respectfully requested to arrange with the United States Marshals Service to serve the summons, the Third Amended Complaint and a copy of this Order on Defendant Wile and the Nassau County Attorney without prepayment of fees.

In light of this Memorandum and Order, this case is hereby referred to the Honorable Lee G. Dunst, United States Magistrate Judge, for supervision of discovery and pre-trial issues as appropriate.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

10

*pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the Plaintiff, and to note the mailing on the docket by April 24, 2025.

**So Ordered.**

Dated:     April 22, 2025
           Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

11